1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   WILLIAM C. WILSON,                    No. CIV S-08-2631-WBS-CMK-P

12             Petitioner,

13        vs.                              <u>ORDER</u>

14   M.S. EVANS, Warden,

15             Respondent.

16   _____/

17             Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court are: (1) petitioner's

19   motion for leave to file an amended petition (Doc. 29); and (2) petitioner's motion for an order

20   staying this case and holding federal proceedings in abeyance pending exhaustion of claims in

21   state court (Doc. 30).  Petitioner has also filed "Proposed Amendments" (Doc. 31), but did not

22   file a complete proposed amended petition which raises all exhausted and unexhausted claims.

23   Respondent has filed an opposition to petitioner's motions.

24   / / /

25   / / /

26   / / /

# I. BACKGROUND

This action currently proceeds on petitioner's original petition (Doc. 1).[1] Petitioner challenges a 2003 conviction and sentence for murder and other crimes following his jury trial in the Solano County Superior Court. Petitioner states that he appealed the conviction and sentence to the California Court of Appeal in 2004 and then to the California Supreme Court in 2005. He does not provide any more specificity as to the exact filing and denial dates, or the claims raised other than to say that the claims raised in the instant federal petition were raised before the state court. Petitioner did not seek certiorari by the United States Supreme Court after the California Supreme Court denied direct review, and he did not file any state court post-conviction actions.

In his federal petition, petitioner states his claims as follows:

A.     DNA expert's testimony arbitrarily selected the admission of irrelevant evidence of the rarity of the perpetrator's DNA profile in three racial groups was prejudicial to him. . .;

B.     Respondent's argument of evidence code sections 801 and 802 rendered frequencies in three racial groups admissible is erroneous;

C.     Respondent is incorrect in its assertion that a substantial body of case law supports the presentation of frequencies in a range of racial databases;

D.     Respondent's inaccurate in claiming that appellant's contention has been rejected by California courts in the context of other types of forensic evidence;

E.     Respondent is misguided in criticizing the alternative procedure of presenting the most conservative frequency without reference to race;

F.     Respondent is wrong to trivialize the unfairness of the expert's arbitrary selection of three racial databases, and her omission of other racial databases; and

G.     Respondent's argument that the error was harmless is mistaken.

/ / /

---

[1]     The petition was filed in the United States District Court for the Northern District of California on March 7, 2007, and transferred to this court on November 4, 2008.

All of these claims are presented in the context of a more general challenge to the admission of DNA evidence and related expert testimony in his trial.

Respondent filed an answer to the original petition on January 12, 2009.  On May 12, 2009, plaintiff filed a motion for leave to amend the petition, along with "Proposed Amendments" and motion for a stay-and-abeyance order pending exhaustion of newly raised claims in state court.

## II. DISCUSSION

It appears that petitioner seeks to amend the original petition to add one claim of insufficient evidence and one claim of ineffective assistance of counsel.  In his stay-and-abeyance order, petitioner states:

> Petitioner, William C. Wilson, move the court to grant him an "order" of "stay-and-abeyance," accompanied by a "proposed amended petition," so that he can go back to the state court and exhaust newly raised unexhausted issues.

In his motion for leave to amend, petitioner states:

> This motion is submitted on the grounds that petitioner has become aware of issues relevant to the current legal claims presented in the original habeas petition, in that the additional grounds for relief he seeks to submit is of constitutional merit, with respect to the errors committed by the state court and the ineffective assistance of trial counsel.

Petitioner does not provide any argument in support of either motion.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading ". . . once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  Once a responsive pleading is filed, a party's pleadings may only be amended upon leave of court or stipulation of all the parties.  See id.  A motion to dismiss pursuant to Rule 12(b)(6) is not a responsive pleading.  See Breier v. Northern Cal. Bowling Proprietors' Ass'n, 316 F.2d 787, 789 (9th Cir. 1963).

/ / /

1    Where leave of court to amend is sought, the court considers the following

2 factors: (1) whether there is a reasonable relationship between the original and amended

3 pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will

4 promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking

5 leave to amend; (4) whether the grant of leave to amend would delay a decision on the merits of

6 the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See

7 Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be

8 denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833

9 F.2d 183, 186 (9th Cir. 1987).

10    Because respondent filed an answer to the original petition before petitioner

11 sought to amend, leave of court is required.  Respondent argues that leave to amend should not

12 be granted because the new claims do not relate back to the original petition and are, therefore,

13 time-barred.  Under Federal Rule of Civil Procedure 15(c)(2), which is applicable in habeas

14 proceedings, amendments made after the statute of limitations has run relate back to the date the

15 original pleading was filed if the original and amended pleadings arise out of the same conduct,

16 transaction, or occurrence.  See Mayle v. Felix, 125 S.Ct. 2565, 2570 (2005).  The threshold

17 question in addressing respondent's argument is whether the new claims are in fact time-barred.

18 The second question is, if the new claims are untimely, do they relate back to the original

19 petition, which respondent concedes is timely.

20    **A.    Timeliness of New Claims**

21    Federal habeas corpus petitions must be filed within one year from the later of:

22 (1) the date the state court judgment became final; (2) the date on which an impediment to filing

23 created by state action is removed; (3) the date on which a constitutional right is newly-

24 recognized and made retroactive on collateral review; or (4) the date on which the factual

25 predicate of the claim could have been discovered through the exercise of due diligence.  See 28

26 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court

4

1   judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

2   review.  See 28 U.S.C. § 2244(d)(1).

3            Where a petition for review by the California Supreme Court is filed and no

4   petition for certiorari is filed in the United States Supreme Court, the one-year limitations period

5   begins running the day after expiration of the 90-day time within which to seek review by the

6   U.S. Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where no

7   petition for review by the California Supreme Court is filed, the conviction becomes final 40

8   days following the Court of Appeal's decision, and the limitations period begins running the

9   following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the

10  Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the

11  state trial court, and the limitations period begins running the following day.  If the conviction

12  became final before April 24, 1996 – the effective date of the statute of limitations – the one-year

13  period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187

14  F.3d 1104, 1105 (9th Cir. 1999).

15           The limitations period is tolled, however, for the time a properly filed application

16  for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be

17  "properly filed," the application must be authorized by, and in compliance with, state law.  See

18  Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v.

19  DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a

20  state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions

21  and the failure to comply with those time limits precludes a finding that the state petition is

22  properly filed).  A state court application for post-conviction relief is "pending"during all the

23  time the petitioner is attempting, through proper use of state court procedures, to present his

24  claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered

25  "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549

26  U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari

1   petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between

2   state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,

3   536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as

4   untimely, the federal court must independently determine whether there was undue delay.  See id.

5   at 226-27.

6           There is no tolling for the interval of time between post-conviction applications

7   where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183

8   F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no

9   tolling for the period between different sets of post-conviction applications.  See Biggs v.

10  Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct

11  review and the filing of a state post-conviction application does not toll the limitations period.

12  See Nino, 1983 F.3d at 1006-07.

13          In this case, respondent argues:

14          The limitations period commences on "the date on which the
            judgment became final by the  conclusion of direct review or the expiration
15          of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).
            Petitioner's state judgment became final on November 3, 2006, when the
16          time to file a petition for writ of certiorari expired. See Cal. Rule of Ct.
            8.532 (California Supreme Court decision final 30 days after filing); see
17          Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999) ("the period of 'direct review'
            in 28 U.S.C. § 2244(d)(1)(A) includes the [90-day] period within which a
18          petitioner can file a petition for a writ of certiorari from the United States
            Supreme Court, whether or not the petitioner actually files such a
19          petition"). Thus, absent tolling, the federal habeas corpus petition was due
            on or about November 3, 2007. See Patterson v. Stewart, 251 F.3d 1243,
20          1246 (9th Cir. 2001).

21  Because petitioner did not seek certiorari or file any state court post-convictions actions which

22  would have tolled the statute of limitations, respondent is correct that the deadline for presenting

23  claims to the federal court was November 3, 2007.  The original petition, which was filed in the

24  Northern District in March 2007 is timely, but the new claims, first presented to this court in

25  2009, are not.

26  / / /

1      **B.      Relation Back to Original Petition**

2              Because the new claims are untimely, they are barred unless they relate back to

3    the claims asserted in the original petition.  An amended habeas petition does not relate back

4    when it asserts a new ground for relief supported by facts that differ in both time and type from

5    those the original petition set forth.  See Mayle, 125 S.Ct. at 2566.   Relation back requires a

6    common core of operative facts uniting the original and new claims.  See id. at 2572.  In the

7    habeas context, the Ninth Circuit held that the words "same conduct, transaction, or occurrence"

8    meant that an amended habeas petition would relate back so long as any new claims stems from

9    the petitioner's trial, conviction, or sentence.  See id.  The Supreme Court noted that, under this

10   formulation, ". . . virtually any new claim introduced in an amended petition will relate back, for

11   federal habeas claims, by their very nature, challenge the constitutionality of a conviction or

12   sentence. . . ."  Id.  The majority of circuits have adopted a narrower rule in light of AEDPA's

13   one-year statute of limitations.  See id.  The narrow rule allows relation back only when ". . . the

14   claims added by amendment arise from the same core facts as the timely claims and not when the

15   new claims depend upon events separate in 'both time and type'" from the originally raised

16   claims.  Id.  In determining whether the amended claim and original claim arose from a common

17   core of operative facts, the Supreme Court in Mayle compared the facts required to answer the

18   dispositive questions presented as to each claim.  See id. at 2573.

19              As respondent notes, all of the claims raised in petitioner's original petition relate

20   to an issue identified by the California Supreme Court in People v. Wilson, 38 Cal. 4th 1237

21   (2006).  In Wilson, the California Supreme Court addressed the following issue: "May a DNA

22   expert witness testify to the significance of a match between the perpetrator's and defendant's

23   genetic profiles by reference to different racial databases if the prosecution has not first provided

24   independent evidence of the perpetrator's race?"  The Court held: "When the perpetrator's race is

25   unknown, the frequencies with which the matched profile occurs in various racial groups to

26   which the perpetrator *might* belong are relevant for the purpose of ascertaining the rarity of the

profile." Id. at 1240 (emphasis in original).  Respondent concludes:

> The additional claims petitioner now seeks to raise under the umbrella of sufficiency of the evidence and ineffective assistance of counsel are clearly all unrelated to petitioner's prior 2007 petition based upon his challenge to the *relevancy* of reporting DNA *statistical* evidence of a range of ethnic and racial databases – the claim rejected by the California Supreme Court in 2006.  (emphasis in original).

The court agrees with respondent that the new claims do not relate back to the claims raised in the original petition.  In particular, the court finds that the claims do not share a common core of facts because they do not involve the same conduct, transaction, or occurrence. Comparing the facts necessary to resolve the claims, as the Supreme Court did in Mayle, the court notes that, as to petitioner's new claim of ineffective assistance of counsel, the relevant facts are those regarding counsel's trial strategy decisions.  Clearly, these factual issues have no relation to whether the DNA expert's testimony was relevant.  As to petitioner's new claim of insufficient evidence, the relevant facts are all the facts upon which a reasonable jury could have found guilt.  While some of these other facts may have come from the DNA expert's testimony, it is possible that a claim of insufficient evidence could be resolved without reference to such testimony.  In other words, if the jury could have found guilt without reference to the DNA expert's testimony, then the evidence would be sufficient to support the conviction and the admissibility of the DNA expert testimony would be immaterial.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Because the new claims were first presented after expiration of the one-year limitations period and do not relate back to the claims raised in the timely original petition, the new claims are barred.  Therefore, allowing amendment of the original petition to raise the new claims would be futile.  Given that petitioner will not be allowed to amend the petition to assert new claims which are unexhausted, petitioner's request for a stay-and-abeyance order is moot.

Accordingly, IT IS HEREBY ORDERED that:

1.      Petitioner's motion for leave to amend (Doc. 29) is denied;

2.      Petitioner's motion for a stay-and-abeyance order (Doc. 30) is denied as moot;

3.      Petitioner's "Proposed Amendments" (Doc. 31) are stricken; and

4.      Petitioner may file a traverse on the merits of the claims raised in the original petition within 30 days of the date of this order.

DATED: June 24, 2009

                                                        _____
                                                        **CRAIG M. KELLISON**
                                                        UNITED STATES MAGISTRATE JUDGE