IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM C. WILSON, | No. CIV S-08-2631-WBS-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| M.S. EVANS, Warden, | |
| Respondent. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules. Pending before the court are petitioner's: (1) motion for an extension of time to file a request for a certificate of appealability (Doc. 42); and (2) request for a certificate of appealability (Doc. 41).

      Under Federal Rule of Appellate Procedure 4(a)(5), the district court may extend the time to file a notice of appeal is the motion is made no later than 30 days after the time to appeal prescribed in Rule 4(a)(1) and for good cause shown. Here, judgment was entered on November 20, 2009. Under Rule 4(a)(1), a notice of appeal must be filed within 30 days of that date – December 20, 2009. Because petitioner's motion for an extension of time to appeal was

1

1  filed more than 30 days after this date, it is untimely and must be denied.

2          Under Rule 4(a)(6), the court may reopen the time to appeal by 14 days upon a
3  showing that the petitioner did not receive notice of entry of judgment.  In this case, petitioner
4  has made no such showing.  Therefore, the court cannot reopen the time to appeal.

5          Turning to petitioner's request for a certificate of appealability, the timely filing
6  of a notice of appeal is a jurisdictional requirement.  See Scott v. Younger, 739 F.2d 1464, 1466
7  (9th Cir. 1984).  The time limit for filing a notice of appeal following entry of judgment is 30
8  days.  See Fed. R. App. P. 4(a)(1).  Petitioner's notice of appeal in this action was filed more than
9  30 days after entry of judgment on November 20, 2009, and, as discussed above, there is no basis
10 to extend or reopen the time to appeal.[1]  It is, therefore, untimely and cannot provide the
11 appellate court with jurisdiction.  The issuance of a certificate of appealability cannot vest the
12 court of appeals with jurisdiction if jurisdiction is not proper in that court.  Cf. Hayward v. Britt,
13 572 F.2d 1324, 1325 (9th Cir. 1978) (addressing issuance of a certificate of probable cause).
14 Because petitioner's notice of appeal is untimely, the court declines to issue a certificate of
15 appealability.

16         Accordingly, IT IS HEREBY ORDERED that:

17         1.    Petitioner's motion for an extension of time to file a notice of appeal (Doc.
18 42) is denied; and

19         2.    Petitioner's request for a certificate of appealability (Doc. 41) is denied.

20 DATED:  May 7, 2010

22 WILLIAM B. SHUBB
23 UNITED STATES DISTRICT JUDGE

---

[1] The court construes petitioner's request for a certificate of appealability as a notice of appeal.

2